UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 08-131-GFVT-CJS |
| ) | and |
| v. ) | Civil Action No. 16-119-GFVT-CJS |
| ) | |
| REX VAUGHN, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |

\* \* \* \* \* \* \* \* \* \* \*

Defendant Rex Vaughn, *pro se*, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (R. 65). The United States has filed its Response (R. 69) and Defendant has filed his Reply (R. 71). Having all relevant documents before the Court, the matter is ripe for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 28 U.S.C. § 636(b). For the reasons set forth below, it will be **recommended** that Defendant's § 2255 Motion (R. 65) be **denied**.

I.  PROCEDURAL BACKGROUND

On December 18, 2008, a federal grand jury returned an Indictment, charging Vaughn with one count of distributing hydrocodone (Count 1) and three counts of distributing oxycodone (Counts 2-4), in violation of 21 U.S.C. § 841(a)(1). (R. 6). On August 26, 2009, Vaughn entered a plea of guilty, pursuant to a written plea agreement (*see* R. 51) to Count 3 of the Indictment, distributing oxycodone (R. 46). After determining that Vaughn was a career offender under the United States Sentencing Guidelines (U.S.S.G.), *see* U.S.S.G. § 4B1.1, resulting in a sentencing guidelines range of 151 to 188 months of imprisonment, Vaughn was sentenced by the presiding district judge to a below-guidelines sentence of 120 months in prison, to be followed by three years

of supervised release. (R. 52; R. 53). Judgment was entered on January 13, 2010. (R. 53). Vaughn did not file a direct appeal. In August 2014 Defendant moved pursuant 18 U.S.C. § 3582(c)(2) for a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines (R. 56), which the Court denied. (R. 64).

On June 24, 2016, the Clerk of Court received and filed Vaughn's pending § 2255 Motion. (R. 65). In it, Vaughn argues this his prior felonies of "fleeing and eluding" and second-degree robbery under Kentucky law no longer qualify as crimes of violence under the sentencing guidelines career offender provision, U.S.S.G. § 4B1.1, in light of the Supreme Court's decision in *United States v. Johnson*, 165 S. Ct. 2551 (2015). (*Id*. at 4). The United States argues that Defendant's two prior felony convictions of attempted murder and second-degree robbery qualify as crimes of violence under both the use-of-force and enumerated offenses clause of § 4B1.2(a), and not the residual clause. (R. 69). In his Reply, Vaughn clarifies his argument, conceding that his attempted murder conviction qualifies as a crime of violence, but asserting that his second-degree robbery conviction does not qualify as a crime of violence under the residual clause in light of *Johnson,* nor does it qualify as a crime of violence under the enumerated offenses clause. (R. 71, at 2-7).

II.     ANALYSIS

   A.     *Johnson* **is not applicable to Defendant's sentence.**

Vaughn asserts that his Kentucky conviction for second-degree robbery no longer qualifies as a predicate offense under *Johnson* and requests to be resentenced without the career offender designation under the sentencing guidelines. (R. 65, at 4, 12; R. 71, at 5, 8). Vaughn asserts that because *Johnson* invalidated nearly identical language of the Armed Career Criminal Act (ACCA),

2

18 U.S.C. § 924(e)(2)(B)(ii), to that found in U.S.S.G. § 4B1.2(a), his robbery conviction no longer qualifies as a crime of violence. (R. 71, at 5).

In *Johnson,* the Supreme Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague. 135 S. Ct. at 2560-63. At the time Vaughn was sentenced, U.S.S.G. § 4B1.2(a) contained an identically-worded residual clause. U.S.S.G. § 4B1.2(a) (2009) (defining "crime of violence" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another"). However, although the residual clauses are the same, the constitutional implications are not.

This is revealed by Supreme Court authority arising after the parties briefed this matter. In *Beckles v. United States,* 137 S. Ct. 886, 895 (2017), the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." Accordingly, even if Vaughn's robbery conviction were categorized as a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a), that categorization is not impacted by *Johnson. See Harris v. United States*, 686 F. App'x 345, 348 (6th Cir. 2017) ("*Beckles* made clear that *Johnson*-like relief is not available to individuals raising void-for-vagueness challenges to sentences imposed pursuant to the residual clause contained in the prior version of U.S.S.G. § 4B1.2(a).").

    **B.**    **Defendant's non-*Johnson* claim is barred.**

        **1.**    **Defendant's non-*Johnson* claim is time-barred.**

Additionally, Vaughn asserts that his second-degree robbery conviction cannot be considered a crime of violence under the enumerated offenses clause because it is a "commentary offense, not a guideline offense." (R. 71, at 7). Specifically, Vaughn asserts that the "reference to robbery" under the "commentary" of U.S.S.G. § 4B1.2 "must be disregarded as an enumerated

3

offense because . . . [it] is inconsistent with the text of the guideline" and further "it may not expand [the Sentencing Guideline's] scope or alter it[s] meaning." (*Id*. at 6).

To the extent Vaughn presents a claim not based on *Johnson*, his argument is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that federal prisoners have a one-year limitations period in which to file a § 2255 motion. *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012). For Vaughn, the one-year period began to run when his judgment of conviction became final. 28 U.S.C. § 2255(f). A judgment of conviction becomes final "at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). When a § 2255 movant does not file an appeal, the judgment becomes final "upon the expiration of the period in which the defendant could have appealed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004).

Vaughn's conviction became final on January 27, 2010, fourteen days after the entry of Judgment, when the time to file his notice of appeal expired without him having done so. *See Johnson v. United States*, 457 F. App'x at 464-65; Fed. R. App. P. 4(b)(1)(A)(i) (2010) (a defendant's notice of appeal in a criminal case must be filed within 14 days after entry of judgment). (*See* R. 53). Vaughn's one-year limitations period under § 2255(f)(1) therefore began running on January 28, 2010. Vaughn did not file the pending § 2255 Motion until June 24, 2016, over five years too late. Thus, his non-*Johnson* argument that his prior robbery conviction does not qualify as a predicate offense under the enumerated offenses clause is time barred.

### 2.     Defendant's non-*Johnson* claim is procedurally defaulted.

Even if the Court were to consider as timely Vaughn's challenge that his robbery conviction does not qualify as a crime of violence under the enumerated offenses clause of U.S.S.G. § 4B1.2, Vaughn's claim would be procedurally barred. The Sixth Circuit has held that

4

a § 2255 motion "is not a substitute for direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Rather, a federal prisoner's failure to raise a challenge on direct appeal will result in a procedural default, or waiver, of that claim, except for those claims of ineffective assistance of counsel. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Here, Vaughn did not appeal his designation as a career offender under the sentencing guidelines. Although Vaughn waived his right to appeal and collaterally attack his guilty plea and conviction within his plea agreement (*see* R. 51, at 3), he did not waive his right to appeal his sentence.

Moreover, in order to obtain review of a defaulted claim in a § 2255 motion, a federal prisoner must show cause and actual prejudice, or that he is actually innocent. *Id*. at 622. If a defendant fails to establish cause, then it is unnecessary for a court to determine if he was prejudiced by the alleged violation. *Id*. at 623. Additionally, if a defendant cannot establish cause and actual prejudice for his procedural default, then he may still obtain review of a claim in a collateral proceeding if he can establish actual innocence. *Id*. Vaughn does not attempt to demonstrate cause for his failure to challenge his sentence on direct appeal, or assert he is actually innocent of the crime charged. Rather, the record reflects that Vaughn pled guilty and did not otherwise challenge his sentence. Accordingly, Vaughn has failed to demonstrate cause or prejudice for his procedural default or his actual innocence of the underlying crime. Thus, Vaughn's non-*Johnson* argument that his prior robbery conviction does not qualify as a predicate offense under the enumerated offenses clause is also procedurally defaulted.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the

5

denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Vaughn's § 2255 Motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability **be denied** upon entry of the final order in this matter.

IV.    **CONCLUSION AND RECOMMENDATION**

For the reasons stated above, **IT IS RECOMMENDED** that:

1)    Defendant Vaughn's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (R. 65) **be denied**;

2)    a Certificate of Appealability **be denied** in conjunction with the Court's entry of the final order in this matter;

3) Judgment in favor of the United States **be entered** contemporaneously with entry of the final order; and,

4) this action **be stricken** from the active docket of the Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 29th day of July, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 R&R general\08-131-GFVT Vaughn R&R final.docx