UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim No.: 6:08-cr-00131-GFVT-CJS-1 |
| | ) | Civil No.: 6:16-cv-00119-GFVT-CJS |
| V. | ) | |
| | ) | **ORDER** |
| REX VAUGHN, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court a Recommended Disposition filed by the United States Magistrate Judge Candace J. Smith. [R. 72.] The Defendant, Rex Vaughn, first filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 65.] Consistent with local practice, Judge Smith reviewed the motion and prepared a Recommended Disposition. [R. 72.]

After considering the record, Judge Smith determined that Mr. Vaughn is not entitled to relief under 28 U.S.C. § 2255. In 2015, the Supreme Court decided *United States v. Johnson*, which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. 135 S. Ct. 2551, 2560-63 (2015). Mr. Vaughn argues that this means sentencing guideline § 4B1.2(a), which contains language identical to the defunct residual clause and under which Mr. Vaughn was sentenced, is likewise unconstitutionally vague. However, the Supreme Court held in *Beckles* that "the advisory sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Judge Smith also recommended this Court deny a certificate of appealability. In light of the clear holding in *Beckles*, no reasonable jurist would find it debatable whether Mr. Ward's petition states a valid claim for the denial of a constitutional right. Finally, as Judge Smith noted,

the remainder of Mr. Vaughn's arguments are untimely filed. *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012) (one-year limitations period applies to § 2255 motion). Mr. Vaughn's one-year window in which he could timely file a § 2255 petition began in January 2010, but he did not file the instant petition until June 2016.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's recommendation. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Cupp's construed § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Judge Candace J. Smith's Report and Recommendation [**R. 72**] as to Rex Vaughn is **ADOPTED** and for the Opinion of the Court;

2. Mr. Vaughn's Petition for habeas corpus relief pursuant to § 2255 [**R. 65**] is **DENIED**;

3. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

4. **JUDGMENT** in favor of the United States will be entered contemporaneously

herewith.

This the 14th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge